UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KORLUH KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-11152-NMG |
| ) | |
| THE COMMONWEALTH OF ) | |
| MASSACHUSETTS *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF COMMONWEALTH OF MASSACHUSETTS'
MOTION TO SEVER AND REMAND OR TO DISMISS THE CLAIMS
AGAINST THE COMMONWEALTH OF MASSACHUSETTS**

Pursuant to 28 U.S.C. 1441(c), Defendant Commonwealth of Massachusetts ("Commonwealth") appears in this action for the limited purposes of moving to sever and remand, or to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the state Public Records Law claim (Count VIII) and the state law negligence claim (Count IX) asserted against it in Plaintiff's complaint because the Eleventh Amendment precludes federal court jurisdiction over the Commonwealth.

Procedural History

On April 8, 2022, the Plaintiff filed this case in Suffolk Superior Court, case no. 2284-CV-00792. On July 18, 2022, Defendant Joseph F. Osmanski ("Osmanski") filed in this Court a notice of removal under 28 U.S.C. § 2679(d)(2). (Docket no. 4:22-cv-11152). Removal of the entire action was effectuated by Osmanski under 28 U.S.C. § 2679(d)(2).

Argument

Where a case alleging federal law claims and state law claims is removed from state court, the district court shall sever from the action all state law claims not within its original or supplemental jurisdiction and shall remand the severed claims to the State court from which the action was removed. 28 U.S.C. § 1441(c)(2). Here, the Eleventh Amendment bars Plaintiff from pursuing Counts VIII and IX against the Commonwealth in this Court. Accordingly, those claims should be remanded or dismissed.

Plaintiff sues several individual federal, state, and city law enforcement officers for federal civil rights claims under 42 U.S.C. § 1983, and under Article XIV of the Massachusetts Declaration of Rights, based on alleged unreasonable search and seizure. Compl., Counts I-II, ¶¶ 115-121. The complaint also asserts various tort and Massachusetts Civil Rights Act claims against the individual defendant law enforcement officers. Compl., Counts III-VII[1], ¶¶ 122-141. In addition to the claims against the individual defendants, the complaint alleges two claims against the Commonwealth. First, Plaintiff alleges in Count VIII that the Commonwealth violated the Massachusetts Public Records Law (M.G.L. c. 66 § 10). Compl., Count VIII, ¶¶ 142-148. Second, in Count IX, Plaintiff asserts a negligence claim against the Commonwealth under the provisions of M. G. L. c. 258 for unspecified negligent conduct of the individual defendant Massachusetts State Troopers. Compl., Count IX, ¶¶ 149-155.

This Court should sever and remand and/or dismiss under Fed. R. Civ. P. 12(b)(1) the negligence and Public Records Law claims asserted against the Commonwealth because federal courts lack jurisdiction over the Commonwealth by virtue of the sovereign immunity protected by the Eleventh Amendment. The Eleventh Amendment reads in pertinent part: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity,

---

[1] Due to an apparent typo in the complaint, two of these counts are listed as "Count III."

commenced or prosecuted against one of the United States by Citizens of another State . . . ." Despite its phrasing, the amendment applies to suits in federal court by a state's own citizens as well. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also McGuigan v. Conte,* 629 F. Supp. 2d 76, 83 (D. Mass. 2009) ("Although the Eleventh Amendment does not expressly bar suits in federal court against a state by its own citizens, it has consistently been read to preclude such actions in the absence of a waiver of the state's immunity to suit. Thus, this Court is without jurisdiction to grant relief directly against the Commonwealth or its agencies unless the Commonwealth has consented to the filing of this action.").

Here, there is no dispute that the Massachusetts State Police is a state agency for the purpose of an Eleventh Amendment immunity analysis. Indeed, Plaintiff's complaint includes only the Commonwealth of Massachusetts as a Defendant in this case, instead of the Massachusetts State Police. *See Santiago v. Keyes*, 839 F.Supp.2d 421, 427 (D.Mass. 2012), *citing*, *Beauregard v. Epstein*, 1994 WL 523816, at *2 (D.Mass. Sept. 19, 1994) ("Defendant, State Police, is considered an arm of the State and is, therefore, immune from federal suit under the Eleventh Amendment to the United States Constitution").

Nor is there any suggestion that the Commonwealth waived its Eleventh Amendment immunity. "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *McGuigan v. Conte*, 629 F.Supp.2d 76, 83 (D.Mass. 2009), *citing*, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241(1985). It is "well-established" that the Commonwealth has not waived its sovereign immunity from suit in federal court via the Eleventh Amendment for MTCA claims.[2] *Cordero v. Pack*, 368 F.Supp.3d 137, 147 (D.Mass. 2019). *See Rivera v. Commonwealth of Massachusetts*, 16 F.Supp.2d 84, 87 (D.Mass. 1998)

---

[2] In addition, the Commonwealth did not consent to the removal of this case to federal court.

("The Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora"); *Irwin v. Commissioner of the Depart. of Youth Services*, 388 Mass. 810, 819 (Mass. 1983) (the Massachusetts Tort Claims Act does not waive the Commonwealth's Eleventh Amendment immunity to suit in Federal courts).

Because the Commonwealth and the Massachusetts State Police are immune from MTCA claims in federal court, Count IX cannot proceed here. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the *barred claim*.") (emphasis added); *see also Rojas v. Demos*, No. 3:19-CV-10459-MGM, 2020 WL 5100229, at *1 (D. Mass. Aug. 21, 2020) (granting Commonwealth's motion to remand Chapter 258 claim because "[t]his court does not have jurisdiction … by virtue of the Eleventh Amendment and the fact that the Commonwealth did not consent to removal or waive its Eleventh Amendment immunity."). Likewise, because the Commonwealth is immune from Plaintiff's Massachusetts Public Records Law claim in federal court, Count VIII cannot proceed here.

If the Court does not remand Counts VIII and IX, the claims must be dismissed outright due to the "well-established case law provid[ing] that 'the Eleventh Amendment bars federal suits by citizens against the state or state agencies.'" *Cordero*, 368 F. Supp. 3d at 147, quoting *O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000).

Defendants the United States, Joseph F. Osmanski III, Amy Waterman, Erik Karlon, Darlene Decaire, and Thiago Miranda assent to this motion.

For the foregoing reasons, the Commonwealth of Massachusetts, and its agency the Massachusetts State Police, respectfully ask this Court to dismiss Counts VIII and IX, or remand them to the Superior Court.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its Attorneys,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Francisco Unger*_____
Francisco Unger, BBO#698807
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
617-963-2881
Francisco.Unger@mass.gov

Date: July 25, 2022

## CERTIFICATE OF SERVICE

I, J. David Hampton, Assistant Attorney General, hereby certify that this document filed through the CM/ECF will be sent electronically to the registered participants on the NEF and email copies will be sent to those indicated as non-registered participants on July 25, 2022.

*/s/ J. David Hampton*
J. David Hampton
Assistant Attorney General