United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Korluh Kennedy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 22-11152-NMG |
| The Commonwealth of | ) | |
| Massachusetts et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This case arises out of an alleged warrantless search of the residence of Korluh Kennedy ("Kennedy" or "plaintiff") by Special Agent Joseph Osmanski ("Osmanski" or "defendant") and several other law enforcement officers, including members of the Massachusetts State Police and the Worcester Police Department. Plaintiff filed suit against Osmanski, several members of the Massachusetts State Police and the Commonwealth of Massachusetts ("defendants").

Pending before the Court are four motions of the Commonwealth of Massachusetts, the United States ("the government") and Joseph Osmanski. Defendant Commonwealth of Massachusetts has filed a motion to sever and remand or dismiss for lack of jurisdiction, and a motion to continue the

scheduling conference until after ruling on that motion. The Court will allow the Commonwealth's motion to sever and remand, and thus, its motion to continue will be denied as moot. The government has filed an unopposed motion to dismiss which will be allowed. Defendant Osmanski has also filed a motion to dismiss and that motion remains pending before the Court.

## I. Background

### A. Factual History

At approximately 6:30 a.m. on April 10, 2019, Korluh Kennedy was roused from her sleep by loud banging on her front door at 184 Cohasset Street, Worcester, Massachusetts. When she approached the door, she was confronted by a large group of armed police officers pointing weapons at her and her tenant, a young mother nursing an infant. After Kennedy opened the door, the police officers immediately rushed into her residence, without her consent or a search warrant. The officers told her they were searching for her son, Augustus B. Kormah ("Kormah"), for whom they had an arrest warrant.

Three weeks prior to the search, Kormah was stopped by Massachusetts State Police for a moving traffic violation in Worcester. Kormah consented to a search of his car during which the state police trooper found a small red bag suggestive of Oxycodone. Kormah was arrested and charged with a crosswalk

violation and possession of a Class B substance (Oxycodone). He was scheduled for arraignment in the Worcester District Court on March 25, 2019, but he did not appear, and the court issued an arrest warrant. Kormah did not reside at his mother's house at the time of the arrest, nor at the time of the search. When the officers burst into her residence, Kennedy immediately informed them that Kormah did not live there and was not present with her.

Despite being so informed, defendants conducted an extensive search of Kennedy's entire house, from garage to attic, going through bathrooms, bedrooms and the kitchen, dumping boxes and drawers. Two police K-9 officers brought their dogs into the house to sniff it systematically and one of them urinated on Kennedy's belongings. According to the complaint and the photographs submitted as exhibits to the complaint, the officers completely "trashed" plaintiff's residence, leaving it in "disastrous condition."

After about 45 minutes, Kennedy asked the officers, none of whom had identified themselves to her, if they had a search warrant. Defendant Thiago Miranda, a Massachusetts State Police trooper, told her they did not. When she informed them she would call her lawyer, Miranda and the co-defendants packed their equipment and left the scene. She asked for their contact

information but Miranda refused to reveal his real name or identity and failed to mention that he worked for the Massachusetts State Police.

**B.   Procedural History**

Plaintiff commenced this action in April, 2022, in the Massachusetts Superior Court for Suffolk County against Osmanski, the Commonwealth of Massachusetts and several members of the Massachusetts State Police.  She filed a ten-count complaint, alleging violations of 42 U.S.C. § 1983, a Bivens claim of violation of the Fourth Amendment, trespass, invasion of privacy, conspiracy, assault, violation of the Massachusetts Civil Rights Act, M.G.L. c. 112 § 111M, intentional infliction of emotional distress, violation of Massachusetts Public Records Law, M.G.L. c. 66 § 10 and violation of the Massachusetts Torts Claims Act, Chapter 258.

On July 18, 2022, Osmanski filed a notice of removal with this Court pursuant to 28 U.S.C. § 2679(d)(1), certifying that he was acting within the scope of his employment with the federal government at the time of the incident out of which the complaint arose.  The Commonwealth of Massachusetts promptly moved to sever and remand Counts VIII and IX, the two state law claims against it.

Subsequently, the government and Osmanski both filed motions to dismiss in September, 2022. Plaintiff does not oppose the motion to dismiss by the government but does oppose Osmanski's motion to dismiss.

## II. Motion to Sever and Remand or to Dismiss for Lack of Jurisdiction by the Commonwealth of Massachusetts

The Commonwealth of Massachusetts submits that the Eleventh Amendment bars Kennedy from pursuing Counts VIII and IX against it in federal court. The Court agrees. The Eleventh Amendment protects the Commonwealth's sovereign immunity and thus, the Commonwealth cannot be sued in federal court if it does not consent. McGuigan v. Conte, 629 F. Supp. 2d 76, 84 (D. Mass. 2009) ("[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." (quoting Wis. Dep't of Corr. v. Schact, 524 U.S. 381, 388 (1998)).

In Count VIII, plaintiff alleges that the Commonwealth violated the Massachusetts Public Records Law, M.G.L. c. 66 § 10. In Count IX, plaintiff asserts a negligence claim against the Commonwealth under the Massachusetts Torts Claims Act, M.G.L. c. 258, for the negligent conduct of the individual Massachusetts State Police troopers who are defendants in this matter.

The Commonwealth is immune from Massachusetts Public Records Law claims and Massachusetts Tort Claims Act claims in federal court.  Therefore, the Court will sever and remand Counts VIII and IX to the Massachusetts Superior Court. See Rogas v. Demos, No. 3:19-cv-10459-MGM, 2020 WL 5100229, at *1-2 (D. Mass. Aug. 21, 2020) (allowing the Commonwealth's motion to remand a Massachusetts Torts Claims Act claim to state court because "the Commonwealth did not consent to removal or waive its Eleventh Amendment immunity").

### III. Motion to Dismiss by the Government

The government moves to dismiss Kennedy's claims, arguing that because she has failed to exhaust her administrative remedies under the Federal Torts Claims Act, this Court does not have subject-matter jurisdiction.  Plaintiff filed a response requesting that the Court allow the motion to dismiss without prejudice to her right to renew the claim after she exhausts her administrative remedies.  The Court concurs and will allow the motion for that reason.

The government argues that, according to 28 U.S.C. § 2679(b)(1), the Federal Torts Claims Act ("FTCA") is the exclusive remedy for negligent or wrongful acts or omissions by a federal employee acting within the scope of office or employment.  Furthermore, the U.S. Attorney may certify that a

government employee, such as Osmanski, was so acting at the time of the incident out of which plaintiff's complaint arose, which results in the automatic substitution of the United States as the defendant in place of the employee. In the case at bar, the government has substituted itself for Osmanski as to Kennedy's state law claims, which now fall under the FTCA.

Because Kennedy's state law claims will now be considered pursuant to the FTCA, the government submits that she has failed to exhaust her administrative remedies within the two-year statute of limitations. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Plaintiff cannot file suit until the appropriate federal agency denies the claim in writing or fails to respond to the claim within six months. 28 U.S.C. § 2675(a) (explaining that such a claim cannot be filed until "the claimant . . . presented the claim to the appropriate Federal agency and [the] claim [was] finally denied by the agency in writing [or the agency] fail[ed] . . . to make final disposition of a claim within six months after it is filed").

Kennedy's counsel served her FTCA claim on the FBI on October 7, 2022, having previously filed suit on April 11, 2022.

The government contends that Kennedy's claim accrued as of the date of the unlawful search in 2019 and thus, because more than two years have elapsed, and she did not file an FTCA claim prior to filing suit, she did not comply with the FTCA's exhaustion requirement.  Plaintiff responds that she and her lawyers were not, however, aware that FBI agents or any members of federal law enforcement participated in the search until the Massachusetts State Police informed them of that fact on April 1, 2022.

The Court finds that plaintiff's claim under the FTCA did not accrue until she learned of the FBI's involvement on April 1, 2022.  Thus, the Court will allow the government's motion to dismiss without prejudice, so that plaintiff is afforded the opportunity to exhaust her administrative remedies and amend her complaint to assert an actionable claim under the FTCA.

### ORDER

For the forgoing reasons,

1. the motion of the Commonwealth of Massachusetts to sever and remand (Docket No. 18) is **ALLOWED**;

2. the motion of the Commonwealth of Massachusetts to continue scheduling conference until after ruling on pending motion to remand (Docket No. 34) is **DENIED AS MOOT**;

3. the motion of the United States to dismiss without prejudice (Docket No. 30) is **ALLOWED**; and

4. The motion of Joseph Osmanski to dismiss (Docket No. 32) will be **HELD UNDER ADVISEMENT** and the scheduling conference will be postponed until further notice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 21, 2022