UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KORLUH KENNEDY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 4:22-cv-11152-NMG |
| | * | |
| COMMONWEALTH OF MASSACHUETTS, *et al*, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**MOTION OF AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS FOR LEAVE TO FILE A MEMORANDUM OF *AMICUS CURIAE* IN OPPOSITION TO DEFENDANT OSMANSKI'S MOTION TO DISMISS**

The American Civil Liberties Union of Massachusetts (ACLUM) respectfully moves for leave to file the attached memorandum as *amicus curiae* in opposition to Defendant Osmasnki's motion to dismiss. As grounds for its motion, ACLUM states as follows:

1. Federal district courts "have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006); *see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472 (1st Cir. 2015); *Mass. Food Ass 'n v. Massachusetts Alcoholic Beverages Control Comm 'n*, 197 F.3d 560, 568 (1st Cir. 1999).

2. District courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. V. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see also Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("A court is usually delighted to hear additional arguments from able amici that will help the court toward right answers").

3. This Court has historically permitted participation by amici. *See e.g.*, *Project Citizenship Inc. v. Department of Homeland Security*, No. 1:20-cv-11545-NMG, ECF No. 18 (D. Mass. Oct. 1, 2020) (granting leave to file an amicus brief); *United States v. Joyce*, No. 1:17-cr-10378-NMG, ECF. No. 78 (D. Mass. Apr. 18, 2018) (same); *Louhghalam v. Trump*, No. 1:17-cv-10154-NMG, ECF No. 67 (D. Mass. Feb. 3, 2017) (same).

4. Here, ACLUM is well placed to further assist the Court's analysis of the pending motion. ACLUM is a membership organization dedicated to the principles of liberty and equality embodied in the constitutions and laws of the Commonwealth and the United States. The rights that ACLUM defends through direct representation and amicus briefs include the right to be free from unreasonable searches and seizures. ACLUM has a longstanding interest in ensuring that civil rights and civil liberties meaningfully protect people, which cannot happen if federal agents are needlessly immunized for violating the law and the constitution.

5. Although the Local Rules do not provide any guidance regarding the length of an acceptable amicus curiae brief, ACLUM has used both the Federal Rules of Appellate Procedure (Fed. R. App. P. 29(a)(5) and 32(a)(7)(B)) and Local Rule 7.1(b)(4) —which limit amicus to fewer than twenty pages and fewer than 6,500 words—as a guide. Specifically, ACLUM has limited its memorandum to 14 pages and 4,415 words.

6. Plaintiff assents to this motion. Counsel for Defendant Osmanski has indicated that he takes no position on this motion.

7. Defendant Osmanski's reply brief is not due until October 31, 2022. As a result, no party will be prejudiced if this motion is granted, and there will be no delay in the proceedings.

      8.      No party's counsel authored the attached memorandum in whole or in part. No party or party's counsel, and no person other than ACLUM, its members, or its counsel, contributed money intended to fund preparing or submitting the attached memorandum.

      WHEREFORE, ACLUM respectfully requests that this Court grant leave to file the attached memorandum.

      Respectfully submitted,

      AMERICAN CIVIL LIBERTIES UNION
        OF MASSACHUSETTS, INC.

      By its attorneys,

      */s/ Matthew R. Segal*
      Matthew R. Segal, BBO #654489
      Jessie J. Rossman, BBO #670685
      AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION OF MASSACHUSETTS, INC.
      1 Center Plaza
      Boston, MA 02108
      (617) 482-3170
      msegal@aclum.org

October 28, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2022, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record. In addition, a copy was sent via electronic mail to all counsel of record.

October 28, 2022                                    */s/ Matthew R. Segal*
                                                                      Matthew R. Segal

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

      I hereby certify that counsel for ACLUM have conferred with counsel for both parties in this matter and have attempted in good faith to resolve or narrow these issues. Plaintiff assents to this motion; counsel for Defendant Osmanski has indicated that he takes no position on this motion.

October 28, 2022                                    */s/ Matthew R. Segal*
                                                                      Matthew R. Segal