UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KORLUH KENNEDY,
Plaintiff,

v.                                                No. 4:22-cv-11152-MRG

DARLENE DECAIRE *et al.*,
Defendants.

### PLAINTIFF'S OPPOSITION THE UNITED STATES OF AMERICA'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 52(c), Plaintiff Kennedy respectfully requests the court deny Defendant United States Motion enter judgment in its favor.  enter judgment in its favor on Plaintiff Korluh Kennedy's assault claim. Plaintiff's claim against the United States arises under the Federal Tort Claims Act ("FTCA") and alleges that Federal Bureau of Investigation ("FBI") Special Agent Joseph Osmanski assaulted the Plaintiff by pointing a gun at her. Plaintiff met her burden of preponderance of the evidence that Agent Osmanski assaulted Plaintiff under Massachusetts law.

**II. BACKGROUND**

Plaintiff's claim against the United States is a claim under the FTCA alleging that the United States (acting through Agent Osmanski) assaulted her under Massachusetts law by pointing a gun at her on April 10, 2019. Trial commenced on September 8, 2025. At trial, Plaintiff testified about the events of April 10, 2019, and she introduced an exhibit consisting of several photographs of her home taken on April 10, 2019 then rested her case.

**III. STANDARD**

Federal law provides that "any action against the United States under [the FTCA] shall be

tried by the court without a jury"—i.e., via a bench trial. 28 U.S.C. § 2402. "A motion for a directed verdict in a bench trial is treated as a motion for judgment on partial findings under Fed. R. Civ. P. 52(c)." *Rowley v. City of New Bedford, Massachusetts*, No. 21-cv-11649-FDS, 2024 WL 4635196, at *4 (D. Mass. Oct. 31, 2024). Under Rule 52(c), "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). A court may therefore enter judgment under Rule 52(c) "[w]hen a party has finished presenting evidence and that evidence is deemed by the trier insufficient to sustain the party's position." *Morales Feliciano v. Rullan*, 378 F.3d 42, 59 (1st Cir. 2004).

"A judgment on partial findings" under Rule 52(c) "must be supported by findings of fact and conclusions of law as required by Rule 52(a)." Fed. R. Civ. P. 52(c). Rule 52(a), in turn, states that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a).

## IV. PROPOSED FINDINGS OF FACT

1.   Plaintiff testified that when she open the door, there are four officers at the front door. She testified that three of these four law enforcement officials had their guns pointed at her.

2.   Plaintiff further testified:

>    a) one of the four law enforcement officials at the front door and one of the three law enforcement officials who was holding a gun pointed at plaintiff when she opened the door was a petite Caucasian woman whom Plaintiff identified in court from the stand as defendant Decaire by an article of clothing Decaire was wearing;

b) one of the four law enforcement officials at the front door and one of the three law enforcement officials who was holding a gun pointed at plaintiff when she opened the door was a man of Hispanic descent, whose physical stature she characterized as "short and chubby" and Plaintiff identified this man in court from the stand as defendant Miranda by an article of clothing Miranda was wearing;

c) one of the four law enforcement officials at the front door and one of the three law enforcement officials who was holding a gun pointed at plaintiff when she opened the door was a tall Caucasian male;

d) one of the four law enforcement officials at the front door—the one who was not holding a firearm in his hands—had a police dog with him. She testified this officer was at the back and could not recollect what he looked like.

3.      Plaintiff testified that officers A-C above had their guns out and when she opened the door their guns were pointed at her. She testified to being in fear when she saw the guns pointed at her.

4.      Plaintiff testified that when she went up the stairs towards the living room, she observed officers in the living room with their guns out. She identified the FBI agent as one of the officers in the living room, and further testified she observed the FBI agent in the living room cut open a large uhaul branded cardboard box. Plaintiff identified that uhaul box in a photograph that she testified was a picture she took of her living room.

5.      Plaintiff further testified that the four officers at the front door—Decaire, Miranda, the tall Caucasian male, and the K9 officer—were the same four officers who later questioned her in her bedroom.

6.      Plaintiff further testified that the FBI agent was one of the law enforcement officers who questioned her in her bedroom with Decaire and Miranda while the K9 officer was searching through her walk in closet with his dog.

7.      Plaintiff did testify that by the time the four officers at the front door—Decaire, Miranda, the tall Caucasian male, and the K9 officer—questioned her in her bedroom, she did not see any of the officers in her bedroom with their guns out at that point; however, plaintiff has never alleged that the bedroom was a location where the defendants assaulted her.

## V. PROPOSED CONCLUSIONS OF LAW

8.      The FTCA's waiver of sovereign immunity extends only to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place"—meaning, the state—"where the act or omission occurred." 28 U.S.C. § 1346(b); see FDIC v. Meyer, 510 U.S. 471, 478 (1994) ("we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State").

9.      Plaintiff has met her burden of proof on her claim of assault under Massachusetts law against the United states by a preponderance of the evidence.

10.     Plaintiff relied upon the theory of an "imminently threatened battery" to prove her assault claim. *Commonwealth v. Gorassi*, 432 Mass. 244, 247 (2000).

11.     Specifically, Plaintiff has met her burden of proof on her claim of assault under Massachusetts law against the United states by a preponderance of the evidence when she identified the officer speaking with her later in her bedroom as the FBI agent, and that the four officers who came rushing through her door after she opened it were the same four officers she testified spoke with her later in bedroom. She testified that the officer with the dog was in her walk in closet while Decaire, Miranda, and the FBI questioned her as she was seated on her bed. law

enforcement official with the dog was in her closet while Decaire, Miranda, and the FBI agent were questioning her ae was sitting on her bed. The the tall Caucasian man with the gun pointing at her when she opened the door. pointing his gun at her. *See* Parties' Statement of the Case.

12.    Plaintiff has met her burden of proof that Agent Osmanski "engaged in an overt act constituting . . . an immediately threatened battery." MCLE, 2 Mass. Superior Ct. Civil Prac. Jury Inst. ch. 24, § 24.1, Miscellaneous Torts (2018).

13.    Plaintiff has presented sufficient evidence to support a finding that Agent Osmanski engaged in an overt act constituting an imminently threatened battery. Therefore she has met her burden of proof that the United States is liable for assault under Massachusetts law.

14.    Accordingly, the Court will deny the United States' motion for judgment on Plaintiff's assault claim under Federal Rule of Civil Procedure 52(c).

Respectfully submitted,
KORLUH KENNEDY
By her attorney,

 /s/ Monisha N. Pahuja     .
Monisha N. Pahuja
BBO# 692202
90 Canal Street, 4th Floor
Boston, Massachusetts 02114
Tel: (617) 943-0682
Fax: (617) 209-6736
mpahujalaw@gmail.com

DATED: September 10, 2025

## CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

 /s/ Monisha N. Pahuja     
Monisha N. Pahuja